IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FREDERICK LUSTER,                          :
on behalf of himself and all others        :
similarly situated,                        :
                                           :
        Plaintiff,                         :
                                           :        Civil Action File No.
v.                                         :
                                           :        _____
AMERICA SUNSHINE, LLC, a Florida           :
limited liability company, d/b/a           :
INTIMA HOGAR USA,                          :
                                           :
        Defendant.                         :        **Jury Trial Demanded**
_____:

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.      Plaintiff, Plaintiff FREDERICK LUSTER ("LUSTER"), seeks relief

on behalf of himself and all other similarly situated consumers who have received

unsolicited calls or texts from Defendants.

2.      Plaintiff alleges herein Defendant violated the Telephone Consumer

Protection Act, 47 U.S.C. §227 ("TCPA"), and the regulations promulgated

thereunder, 47 CFR § 64.1200,  by having made or initiated non-emergency and

calls and text messages to cellular telephone numbers using an automatic telephone

dialing system and/or with the use of an artificial voice or prerecorded message without the prior express consent of the cellular telephone user.

3.      In addition, Plaintiff alleges herein that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the regulations promulgated thereunder, 47 CFR § 64.1200,   by having made or initiated calls and text messages which constitute telemarketing to cellular telephone numbers using an automatic telephone dialing system and/or with the use of an artificial voice or prerecorded message without the prior express written consent of the cellular telephone user.

4.      Defendants violated the TCPA by originating the telemarketing calls and text, or alternatively by directing the illegal telemarketing calls to be made on their behalf, and by knowingly accepting the benefits from such calls.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff is a natural person who resides in DeKalb County Georgia.

6.      Defendant AMERICAN SUNSHINE, LLC is a limited liability company organized under the laws of the State of Florida where according to filings registered with the Secretary of State of Florida it maintains a Principal Office located at 255 NE 181 Street, Miami, Florida 33162.

7.      AMERICAN SUNSHINE, LLC does business under the trade-name "Intima Hogar." [Hereinafter Defendant shall be individually referred to as "INTIMA."]

8.      INTIMA may be served by personal service upon its registered agent in Florida, to wit: Piedra & Company, CPA PA, located at 255 NE 181 Street, Miami, Florida 33162.

9.      Alternatively, INTIMA may be served by personal service upon its Authorized Person listed with the Secretary of State, to wit: Marcelo Herskovitz, Manager, located at 255 NE 181 Street, Miami, Florida 33162.

10.     INTIMA is in the business of online and catalog sales of clothing and linens, primarily to the Spanish-speaking community, and it conducts its business, including telemarketing activities, continuously and systematically within the State of Georgia and throughout the United States.

11.     In addition to online sales, INTIMA has a marketing program in which it actively attempts to recruit individuals to purchase its products for resell.

12.     INTIMA regularly engages in telemarketing activities targeted to persons in the State of Georgia and transacts business resulting from telemarketing leads.

13.     By engaging in telemarketing targeted to persons in the State of Georgia and deriving revenue from leads generated from such telemarketing in the State of Georgia, INTIMA has purposefully availed itself of the benefits and protections of the State of Georgia.

14.     Plaintiff's causes of action arise from calls and text messages made and/or initiated by INTIMA to Plaintiff's cellular telephone number in DeKalb County, Georgia.

15.     INTIMA is subject to the jurisdiction of this Court and venue is proper in the Northern District of Georgia.

16.     Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion in the interest of fairness to the class.

## FACTUAL ALLEGATIONS

17.     The named Plaintiff is the subscriber and regular user of cellular telephone service for telephone number (404) 379-1970.

18.     INTIMA has initiated telephone calls, including both prerecorded voice calls and text calls, to Plaintiff's cellular telephone number.

19.     The telephone calls were made in attempt to sell goods from INTIMA's catalog.

20.     Plaintiff has answered several of the prerecorded voice calls made by INTIMA, but at no time does a live person ever get on the telephone or provide a method to opt out of the telephone calls.

21.     In the telephone calls, Defendant used a prerecorded voice message which used a script message with the identity of INTIMA HOGAR referenced in it.

22.     The script message was recorded prior to the making or initiation of the calls to Plaintiff.

23.     The fact that the voice used on the telephone messages is artificial and/or prerecorded is clear to the listener, because there is no opportunity to engage with a human when one answers the calls.

24.     INTIMA used an artificial or prerecorded voice message when it initiated calls to Plaintiff and the class.

25.     The use of an artificial voice and abandoned dead air calls is also indicative of the use of an automatic telephone dialing system.

26.     Dialing systems, like the one employed by INTIMA to call Plaintiff, lack human intelligence and continue to call until someone intervenes to force it to stop calling.

27.     Intima also made text message calls to Plaintiff.

28.    The text messages were generic in content insofar as they were not targeted to a particular recipient.

29.    For instance, in November of 2017, Plaintiff received the following text messages, advertising a super-sale for defendant's products, and suggesting that Plaintiff review Defendant's new catalog:



30.     These text messages were sent using an automatic telephone dialing system.

31.     Plaintiff requested that the calls stop, but this process failed to stop calls from INTIMA and it continued to make calls him.

32.     INTIMA does not have, or follow, a valid do not call policy.

33.     Plaintiff was not an INTIMA customer at the time of the calls and text messages.

34.     Plaintiff has never been a customer of INTIMA as of the filing of this complaint.

35.     Plaintiff never had a business or other relationship with INTIMA.

36.     Most of the content of the calls is in Spanish, and Plaintiff does not speak Spanish.

37.     The telephone calls and texts were made or initiated using a software which, when combined with the telephony hardware, has the ability to dial from a list of stored telephone numbers without human intervention.

38.     The systems used to make the calls had the capacity to, and did, store telephone numbers to be called and automatically dialed such telephone numbers in a sequence.

39.     Use of an unattended, prerecorded message, in itself, represents a violation of the TCPA when there is no consent for the call.

40.     The ability to dial without human intervention is evidenced by the use of telephone recordings without a live human on the telephone leaving a message.

41.     The call center and dialing infrastructure used by INTIMA to make or initiate these calls and texts had the capacity to, and did, dial telephone numbers from a stored list either at random or in some sequence.

42.     Defendant's dialing system had the capacity to, and did, dial from a list of telephone numbers without human intervention. The system was used in this manner to make or initiate all or some of the calls and texts to Plaintiff and the class.

43.     The telephone calls and texts to Plaintiff were made or initiated by Defendant using an automatic telephone dialing system ("ATDS").

44.     Plaintiff never provided permission or consent, written or otherwise, for Defendant to make or initiate the telephone calls or texts to his cellular telephone number using an ATDS, prerecorded or artificial voice or otherwise.

45.     Defendant's policies, practices or procedures permitted the calling and texting of cellular telephone numbers using equipment and messages as described

herein, to phone numbers that had not been provided to them by the subscribers/recipients.

46.    Manufacturers and vendors of ATDS equipment routinely supply the purchasers and users of such hardware and software with manuals and literature which includes information concerning the TCPA and compliance therewith.

47.    Defendant knew or should have known about the TCPA before making or initiating the calls and texts to Plaintiff and the class, but made these calls using an ATDS and/or with an artificial or prerecorded voice message to cellular phones in spite of such knowledge.

48.    Defendant knew or should have known it was calling cellular telephone numbers.

49.    The only way Defendant would not have known it was calling cellular telephone numbers would be if it recklessly disregarded its obligations under the TCPA by refusing to scrub.

50.    The telephone calls and texts were annoying to plaintiff, invaded plaintiff's privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers.

51.    The telephone calls and texts were intentionally, willfully and knowingly made or initiated.

52.    Defendants' violations were knowingly and willfully executed.

53.    Plaintiff has complied with all conditions precedent to bring this action.

54.    Plaintiff has never provided INTIMA with his cellular telephone number.

55.    Plaintiff has never provided INTIMA with permission to make or initiate calls or texts to his cellular telephone number.

56.    Plaintiff did not desire to receive calls or texts for any purpose to his cellular telephone number, and Plaintiff and members of the class suffered particularized and concrete injuries as a result including, but not limited to, annoyance, nuisance, harassment, invasion of the their respective privacy interests, intrusion upon seclusion, and trespass or occupation of their respective telephone lines.

57.    Moreover, Congress has statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA, and INTIMA has harmed the named Plaintiff and class members by invading this legally protected right.

58.    The legally protected rights under the TCPA closely relate to rights enforceable at common law, including without limitation to the torts of intrusion

upon seclusion, nuisance, harassment, tortuous infliction of emotional distress, and unreasonable collection practices.

59.    All conditions precedent to bringing this action have been complied with.

## CLASS ACTION ALLEGATIONS

60.    This action is brought on behalf of a class defined as (i) all persons to whom a call was made or initiated by or on behalf of INTIMA to (ii) such person's cellular telephone number (iii) using the same or similar telephone system(s) used by Defendant, or any person on its behalf, to call (404) 379-1970, and/or where a message that had been recorded ahead of time was played, (iv) in the four year period preceding the filing of this action, through the date of class certification.

61.    The exact size of the class is information within the exclusive knowledge of the Defendant.

62.    The class is so numerous that joinder of all members is impractical. Upon information and belief, the number of persons who fit within the class definition above exceeds one thousand persons.

63.    The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based upon the following information: 1) Plaintiff himself received

several calls which left either pre-recorded messages or dead air and additional texts to his cellular telephone from Defendant indicating Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of ATDS dialers is to call numerous persons in a short amount of time; and 3) the national scope of the Defendant's catalogue sales business.

64.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a.  Whether the dialing system(s) used to call plaintiff and the class constitute an automatic telephone dialing system under the TCPA and/or the FCC's rules;

    b.  Whether the unattended messages and texts used during such calls were "prerecorded" within the meaning of the TCPA and/or the FCC's rules;

    c.  Whether the calls constitute telemarketing; and

    d.  Whether the violations were knowing or willful.

65.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

66.     Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA robocall actions and class actions.

67.     Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

68.     Certification of the class under Rule 23(b)(3) is appropriate in that:

   a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and

   b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

69.     Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

70.     Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for monetary damages.

71.     Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

72.     Plaintiff requests certification of a class pursuant to Rule 23(b)(2) for his claims for injunctive relief.

## CAUSES OF ACTION

### COUNT ONE:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS

73.     The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of an automatic telephone dialing system to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

74.     Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

75. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of automatic telephone dialing system.

76. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of an automatic telephone dialing system in the future.

77. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system without the prior express written consent of the called party in the future.

**COUNT TWO:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF ARTIFICIAL OR PRERECORDED VOICE MESSAGES**

78. The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of artificial or prerecorded voice message to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

79.     Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

80.     The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of artificial or prerecorded voice calls.

81.     Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of artificial or prerecorded voice calls in the future.

82.     In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of artificial or prerecorded voice calls without the prior express written consent of the called party in the future.

**COUNT THREE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM**

83.     The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of automatic telephone dialing systems and the regulations promulgated thereunder.

84.     Defendant used an automatic telephone dialing system when it made and/or initiated calls to plaintiff's cellular telephone number.

16

85.    Defendant's violations of the TCPA include making and/or initiating telephone calls using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service without the prior express consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

86.    Defendant's violations of the TCPA include initiating, or causing to be initiated, telephone calls which constitute telemarketing using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service without the prior express written consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(2).

87.    As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

88.    Defendant's violations were committed willfully and knowingly.

89.    Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT FOUR: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN ARTIFICIAL OR PRERECORDED VOICE MESSAGE

90.     The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of artificial or prerecorded voice calls and the regulations promulgated thereunder.

91.     Defendant used an artificial or prerecorded voice when it made and/or initiated calls to plaintiff's cellular telephone number.

92.     Defendant's violations of the TCPA include making and/or initiating telephone calls using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service without the prior express consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

93.     Defendant's violations of the TCPA include initiating, or causing to be initiated, telephone calls which constitute telemarketing using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service without the prior express written consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(2).

94.     As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

95.    Defendant's violations were committed willfully and knowingly.

96.    Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

## COUNT FIVE:  INJUNCTIVE RELIEF FOR INTERNAL DO NOT CALL VIOLATIONS

97.    The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's telemarketing, or having telemarketing made on its behalf, without first implementing and adhering to a proper internal not call policy. 47 CFR § 64.1200(d); 47 U.S.C. §227(c)(5).

98.    Based on Defendant's pattern and practice of violating the TCPA, including failure to stop calling when requested, future violations will continue.

99.    The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further telemarketing.

100.    Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(c)(5) to enjoin and prohibit Defendant from telemarketing unless and until it develops and adheres to a valid internal do not call policy.

## COUNT SIX: MONEY DAMAGES FOR INTERNAL DO NOT CALL VIOLATIONS

101.   The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on making telemarketing calls without first implementing and adhering to a valid do not call policy. 47 CFR § 64.1200(d); 47 U.S.C. §227(c)(5).

102.   As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of up to $500.00 for each such violation.

103.   Defendant's violations were committed willfully and knowingly.

104.   Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(c)(5).

## COUNT SEVEN:  BAD FAITH ATTORNEY FEES

105.   Defendant willingly, knowingly, and intentionally violated the TCPA in making autodialed telephone calls and/or using an artificial or prerecorded voice message to Plaintiff's and class member's cellular telephone numbers without the parties' prior express consent.

106.   "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

107.   "There is no requirement that a viable state law claim exist in order

for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather,

'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even

when only a federal law claim for damages is submitted to the finder of fact."

*Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

108.    Defendant has acted in bad faith, been stubbornly litigious or caused

the Plaintiff, and the class members, unnecessary trouble and expense, and as such,

Plaintiff and the class members are entitled to an award of litigation expenses,

including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

109.    Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

110.    Plaintiff hereby demands that the Defendant take affirmative steps to

preserve all telephone recordings, data, emails, other recordings, phone records,

dialer records, documents and all other tangible things that relate to the allegations

herein, Plaintiff or the putative class members, or the making of telephone calls,

the events described herein, any third party associated with any telephone call,

campaign, telemarketing, account, sale or file associated with plaintiff or the

putative class members, and any account or number or symbol relating to any of

them.  These materials are very likely relevant to the litigation of this claim.  If

Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

A.    Certification of this matter to proceed as a class action;

B.    That Plaintiff and the class be awarded damages in the liquidated amounts provided by statute;

C.    That Plaintiff and the class be awarded treble damages;

D.    In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that the defendant be permanently enjoined from making telemarketing calls unless it has impleted and follows a valid internal do not call policy.

E.    In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that the defendant be permanently enjoined from making telephone calls using an artificial or prerecorded voice message, or using the equipment used to call Plaintiff, without the prior express consent of the called party.

F.    In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that defendant be subjected to formal quarterly reviews through an independent third-party auditor as to compliance with the injunction above, and submit such audits to plaintiff's counsel and the Court;

G.    In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that defendant be required to keep track of any allegation by any person that they may have been called without their consent.  Each such allegation shall be investigated by the defendant, and the results of such investigation, including what equipment was used to make such calls, shall be included in the complaint database. The complaint database shall be submitted on a quarterly basis along with the independent auditor's report.

H.    That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

I.    That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

SKAAR & FEAGLE, LLP

By:    /s/ Justin T. Holcombe
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       kskaar@skaarandfeagle.com
       133 Mirramont Lake Drive
       Woodstock, GA 30189
       Tel:   (770) 427-5600
       Fax:   (404) 601-1855

       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       Cliff R. Dorsen
       Georgia Bar No. 149254
       cdorsen@skaarandfeagle.com
       2374 Main Street, Suite B
       Tucker, GA 30084
       Tel:   (404) 373-1970
       Fax:   (404) 601-1855

       Alexander H. Burke,
       *pro hac vice* forthcoming
       BURKE LAW OFFICES, LLC
       155 N. Michigan Ave., Suite 9020
       Chicago, IL 60601
       (312)729-5288
       ABurke@BurkeLawLLC.com